**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

BURKE & HERBERT BANK & TRUST COMPANY,

     PLAINTIFF,

vs.                                                                                              **CIVIL CASE NO. 26-CV-00032**

BARE ARMS LIMITED LIABILITY COMPANY;
WILLIAM H. BARE; and
CHRISTY N. BARE,

     DEFENDANTS

---

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION**
**FOR APPOINTMENT OF RECEIVER AND FOR RELATED RELIEF**

---

Plaintiff, Burke & Herbert Bank & Trust Company, successor by merger with Summit Community Bank ("B&H"), by and through counsel, respectfully submits this Memorandum of Law in Support of its Emergency Motion for Appointment of a Receiver and Related Relief pursuant to, among other things, B&H's Complaint filed of record herein (the "Complaint"),[1] the express terms of the applicable loan documents among the parties (collectively, the "Loan Documents"), Rule 66 of the Federal Rules of Civil Procedure and/or KRS § 425.600, seeking the appointment of a receiver[2] for all real property more particularly described in the Complaint (i.e. the Huntington Property, the Ashland Property, the Chesapeake Property, Wurtland Property and Lulu Property) (collectively, the "Real Property"), along with all personal property collateral including cash collateral of Bare Arms Limited Liability Company wherever located or wherever it

---

[1] Terms not defined herein shall have the meanings given them in the Complaint filed herein on January 28, 2026 (ECF No. 1).

[2] Truist recommends Southeast Property Management and Mark A. Rubin (as proposed, "Receiver") for the reasons more fully set forth herein.

may be found (collectively, the "Collateral").  As further grounds for this Motion, B&H relies upon the Affidavit of Paul Devereaux, Vice President, Special Assets of B&H, attached hereto as **Exhibit A** and made a part hereof.

## BACKGROUND

The Defendants, Bare Arms Limited Liability Company, William H. Bare and Christy N. Bare (collectively, "Defendants"), as applicable, are indebted to B&H in regards to certain obligations totaling approximately $2.75 million as more fully set forth in the Complaint.  The Defendants' obligations to B&H are secured by substantially all of the assets of Defendants and, in particular, (i) the Real Property owned by the Defendants and (ii) certain Collateral including cash collateral owned by Bare Arms Limited Liability Company and used in the operation of its business (e.g. firearms, ammunition and related accessories, restaurant equipment and cash collateral generated therefrom).

The Defendants have been in default under the terms of the Loan Documents for approximately 8+ months (since around April 2025) and at all relevant times thereafter.  *See* Exhibit A.  In fact, the Defendant, Bare Arms Limited Liability Company, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on July 21, 2025 in the United States Bankruptcy Court for the Eastern District of Kentucky, Case No. 25-10174 (the "Bankruptcy Case").  However, the Bankruptcy Case was dismissed by the Bankruptcy Court pursuant to the terms of that certain Agreed Order Dismissing Case entered by the Court on December 16, 2025 which, among other things, provided that the Defendant, Bare Arms Limited Liability Company "…is prohibited from filing for bankruptcy protection in any jurisdiction under any chapter of the United States Bankruptcy Code for a period of one year from the entry of this Order."  *See In Re Bare Arms Limited Liability Company*, No. 1:25-bk-10174 at 5 (Bankr. E.D.

2

Ky. December 15, 2025) (ECF No. 172).[3]  As a result of the foregoing, B&H has accelerated all amounts due under the applicable notes and has demanded immediate payment thereof while otherwise expressly reserving all rights.

Based on statements recently made by Defendants in the Bankruptcy Case, B&H reasonably believed that the Real Property and Collateral and the business operations, if any, of the Defendant, Bare Arms Limited Liability Company, would be idled.  *See In Re Bare Arms Limited Liability Company*, No. 1:25-bk-10174 at 5 (Bankr. E.D. Ky. December 15, 2025) (ECF No. 170).[4]  As a result and as authorized by the terms of the Loan Documents upon an event of default, B&H attempted to reach an agreement with the Defendants that would provide for the appointment of a receiver for the purpose of protecting and preserving the Real Property and Collateral; however, those efforts proved unsuccessful after Defendants failed and/or refused to respond to B&H's most recent effort related thereto.  Instead, B&H is informed and believes that notwithstanding the foregoing, the Defendants nonetheless continue to use and/or operate the Real Property and Collateral – including using and keeping all cash collateral generated therefrom for their own benefit without making any payments to B&H.

The foregoing shows that the Defendants are and have been for some time hopelessly insolvent and have shown an ongoing unwillingness to comply with any of their obligations under the Loan Documents.  At the same time, B&H's collateral in the form of the Real Property and Collateral, including cash collateral that the Defendants continue to generate, use and retain for their own benefit while not making payments to B&H, is inadequate to protect its interests.  In fact, B&H is informed and believes that it is undersecured.  Therefore, and to protect and preserve

---

[3]  A copy of the Agreed Order of Dismissal is attached hereto as **Exhibit B** and made a part hereof.

[4]  A copy of Debtor's Supplemental Brief Regarding Debtor in Possession Monthly Operating Reports is attached hereto as **Exhibit C** and made a part hereof.

B&H's interests in Real Property and Collateral, it is necessary and/or appropriate that this Court appoint a Receiver for the Real Property and Collateral on an emergency basis who will be answerable to this Court and entrusted with protecting and preserving the Real Property and Collateral during the pendency of this action.

## ARGUMENT

The appointment of a receiver may be ordered by a federal court when the parties agree in the loan documents that a receiver may be appointed when there is a default. *See Britton v. Green,* 325 F.2d 377, 382 (10th Cir. 1963) (affirming denial of motion to vacate order appointing receiver where provisions in note and mortgage entitled lender to appointment of receiver "as a matter of right"); *see also LNV Corp. v. Harrison Family Bus., LLC*, 132 F. Supp. 3d 683, 694 - 695 (D. Md. 2015) (appointment of a receiver was warranted where provisions in loan documents authorized the appointment and equitable considerations disfavoring the appointment were not present); *Thompson v. Branch Banking & Trust Co.*, No. 2008-CA-001217-MR, 2009 WL 1636369, at 2 (Ky. App. 2009) (affirming trial court order appointing receiver where lender had a contractual right to the appointment under the loan documents). Further, the Sixth Circuit has observed that:

> A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary.

*Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). Courts have otherwise recognized that "creditors with a security interest in real property have a well-established interest in property sufficient to support the appointment of a receiver." *Brill & Harrington Invs. v. Vernon S&L Ass'n*, 787 F. Supp, 250, 253 (D.D.C. 1992).

The decision of whether to appoint a receiver is ultimately within the district court's discretion. *See Liberte Cap. Grp., LLC*, 462 F.3d at 551. However, "district courts in the Sixth Circuit have held that advance consent to a receivership is either dispositive or "a strong factor" in favor of a receivership." *PNC Bank, N.A. v. Jeffrey Land Co., LLC*, 2025 WL 942834, at *6 (E.D.MI, 2025) (internal citations omitted).

<u>**A.       Appointment of a Receiver is authorized, necessary and appropriate.**</u>

It is indisputable that the Defendants are in default of their obligations under the various Loan Documents.   Furthermore, the Defendants expressly consented to or authorized the appointment of a receiver upon the occurrence of an event of default pursuant to the express terms of the following Loan Documents:

A.    that certain Commercial Real Estate Deed of Trust from the Defendant, Bare Arms Limited Liability Company, dated May 5, 2022 and lodged of record in the Office of the Cabell County West Virginia Clerk on May 6, 2022, in Trust Deed Book 2886, Page 508; *see* Complaint Exhibit B;

B.    that certain Assignment of Leases and Rents from the Defendant, Bare Arms Limited Liability Company, dated May 5, 2022 and lodged of record in the Office of the Cabell County West Virginia Clerk on May 6, 2022 in Assignment Book 126, Page 414; *see* Complaint Exhibit C;

C.    that certain Commercial Real Estate Mortgage from the Defendant, Bare Arms Limited Liability Company, dated May 5, 2022 and lodged of record in the Office of the Boyd County Kentucky Clerk on May 6, 2022, in Mortgage Book 1506, Page 791; *see* Complaint Exhibit D;

D.    that certain Assignment of Leases and Rents from the Defendant, Bare Arms Limited Liability Company, dated May 5, 2022 and lodged of record in the Office of the Boyd County Kentucky Clerk on May 6, 2022, in Mortgage Book 1507, Page 1; *see* Complaint Exhibit E;

E.    that certain Commercial Open-End Mortgage from the Defendant, William Bare, dated May 5, 2022 and lodged of record in the Office of the Lawrence County Ohio Clerk on May 6, 2022, as File # 2022-00002884; *see* Complaint Exhibit F;

5

F.  that certain Assignment of Leases and Rents from the Defendant, William Bare, dated May 5, 2022 and lodged of record in the Office of the Lawrence County Ohio Clerk on May 6, 2022, as File # 2022-00002885; *see* Complaint Exhibit G;

G.  that certain Mortgage from the Defendant, Bare Arms Limited Liability Company, dated December 23, 2024 and lodged of record in the Office of the Greenup County Kentucky Clerk on April 24, 2025 in Book M1085, Page 58; *see* Complaint Exhibit K;

H.  that certain Deed of Trust from the Defendant, Bare Arms Limited Liability Company, dated December 23, 2024 and lodged of record in the Office of the Cabell County West Virginia Clerk on April 25, 2025 in Book 2993, Page 207; *see* Complaint Exhibit L;

I.  that certain Mortgage from the Defendant, Bare Arms Limited Liability Company, dated December 23, 2024 and lodged of record in the Office of the Boyd County Kentucky Clerk on April 25, 2025, in Mortgage Book 1585, Page 255; *see* Complaint Exhibit M;

J.  that certain Assignment of Rents from the Defendant, Bare Arms Limited Liability Company, dated December 23, 2024 and lodged of record in the Office of the Boyd County Kentucky Clerk on April 25, 2025, in Mortgage Book 1585, Page 275; *see* Complaint Exhibit O;

K.  that certain Commercial Security Agreement from the Defendant, Bare Arms Limited Liability Company, dated December 23, 2024; *see* Complaint Exhibit P.

L.  that certain Mortgage from the Defendant, William Bare, dated December 23, 2024 and lodged of record in the Office of the Lawrence County Ohio Clerk on April 23, 2025, as File # 2025-00001943; *see* Complaint Exhibit V; and

M.  that certain Assignment of Leases and Rents from the Defendants, William Bare and Christy Bare, dated February 8, 2023 and lodged of record in the Office of the Boyd County Kentucky Clerk on February 9, 2023, in Mortgage Book 1528, Page 688; *see* Complaint Exhibit W; and

More specifically, certain of the Mortgages referenced above state as follows:

> Upon the occurrence of an Event of Default, Lender shall immediately be entitled to make application for and obtain the appointment of a receiver for the Property and of the earnings, income, issue and profits of it, with the powers as the court making the appointments confers. Grantor hereby

6

irrevocably consents to such appointment and waives novice of any application therefor.

*See Complaint*, Exhibit B (Huntington Mortgage 1) page 4; Exhibit D (Ashland Mortgage 1) page 4; Exhibit F (Chesapeake Mortgage 1) page 5; Exhibit V (Lulu Mortgage) page 5.  In addition, certain other Mortgages or Deeds of Trust along with the Commercial Security Agreement contain similar consents and authorizations as follows:

> Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, again the Indebtedness….

*See* Complaint, Exhibit K (Wurtland Mortgage) page 11; Exhibit L (Huntington Mortgage 2) page 6; Exhibit M (Ashland Mortgage 2) page 11; Exhibit O (Chesapeake Mortgage 2) page 12; Exhibit P (Commercial Security Agreement) page 4.

As clearly shown above, the Loan Documents unambiguously include multiple consents and authorizations from each of the Defendants that upon an "event of default" thereunder B&H shall have the right to the appointment of a receiver to take possession of and protect and preserve the Real Property and Collateral.  B&H is entitled to the "benefit of its bargain" and the Defendants should be held to their agreements and, thus, a receiver should be appointed.  *LNV Corp.*, 132 F. Supp. 3d at 694 – 695; *PNC Bank, N.A.*, 2025 WL 942834 at *6.

In addition and the extent necessary, this Court could and should also exercise its discretion and appoint a receiver for the Real Property and Collateral because of the continuing diminution in value of the Real Property and Collateral, including the cash collateral that the Defendants continue to retain for their own benefit, and the ongoing harm that will certainly occur if a receiver is not appointed.  Further, it would be unjust for the Defendants to be allowed to continue using the Real Property and Collateral to operate their businesses while retaining the cash collateral

without making any payments to B&H, especially given the statements made by the Defendant, Bare Arms Limited Liability Company, to the Bankruptcy Court that is businesses would be idled on or before January 1, 2026. Finally, based on the foregoing, the indisputable events of default under the Loan Documents and the Affidavit of B&H, B&H's success in this action is highly probable.

Therefore, for the reasons stated herein, B&H respectfully requests that this Court enforce the unambiguous terms of the Loan Documents that include the consents and authorizations to the appointment of a receiver to protect and preserve the Real Property and Collateral in these circumstances. In the alternative, B&H believes that the appointment of a receiver is appropriate under Rule 66 of the Federal Rules of Civil Procedure and/or KRS § 425.600.

B.    **Appointment of Southeast Property Management and Mark A. Rubin as Receiver.**

B&H further requests and recommends that this Court appoint Southeast Property Management and Mark A. Rubin as the receiver in this action. Southeast Property Management has been made recently and generally aware of certain details regarding Real Property and Collateral and the Defendants' businesses and operations including the fact that the business of the Defendant, Bare Arms Limited Liability Company, involves the sale of firearms, ammunition and related accessories, along with a restaurant that serves alcoholic beverages, along with the operation of gun ranges in both Kentucky and West Virginia.

Importantly, Southeast Property Management and Mark A. Rubin are a highly qualified property management firm with extensive experience in property management and receivership responsibilities. *See* **Exhibit D**. Southeast Property Management's and Mark A. Rubin's prior experience as a receiver includes, but is not limited to, a prior appointment in this District in the case styled *Branch Banking and Trust Company v. Gerner & Kearns Co., L.P.A.*, Case No. 19-cv-

8

161-DLB.  Southeast Property Management's and Mark A. Rubin's relevant expertise and experience in property management and receivership responsibilities and general knowledge of the Property, make Southeast Property Management and Mark A. Rubin a preferred choice for this appointment given the circumstances of this case.

## CONCLUSION

For the foregoing reasons, B&H respectfully requests that this Court grant its Motion for the reasons set forth herein and enter an Order appointing Southeast Property Management and Mark A. Rubin as Receiver to protect and preserve the Real Property and Collateral, including cash collateral, wherever located, and granting to B&H such other and further relief as may be appropriate under the circumstances.

Dated: January 29, 2026.

Respectfully submitted,

DINSMORE & SHOHL LLP

/s/ Martin B. Tucker
Martin B. Tucker, Esq. (KBA #89992)
100 West Main Street, Suite 900
Lexington, Kentucky  40507
Tel:  (859) 425-1000
Fax:  (859) 425-1099
E-mail: martin.tucker@dinsmore.com
*Attorneys for Plaintiff,*
*Burke & Herbert Bank & Trust Company*

9

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was served this the 29th day of January, 2026, (i) electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case, and (ii) via Overnight Mail (with Exhibit A but without the referenced exhibits due to size, and with Exhibits B-D) upon the following:

J. Christian Dennery, Esq.
Dennery PLLC
7310 Turfway Road, Ste. 550
Florence, KY 41042

Bare Arms Limited Liability Company
c/o William H Bare, Registered Agent
3502 Winchester Ave
Ashland, KY, 41101

William H. Bare
94 Private Drive 11202
Chesapeake, OH 45619

Christy O. Bare
94 Private Drive 11202
Chesapeake, OH 45619

/s/ Martin B. Tucker
*Attorney for Plaintiff*
*Burke & Herbert Bank & Trust Company*